**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Dennis Lee

    v.                                            Civil No. 13-cv-215-SM

State of New Hampshire

**REPORT AND RECOMMENDATION**

Dennis Lee filed this purported class action (doc. no. 1) against the State of New Hampshire. Because Lee is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review to determine, among other things, whether the complaint states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B). Also before the court for consideration is Lee's "Motion for Class Action Status" (doc. no. 3).

I.   Class Action

Lee seeks leave to file this suit as a class action on behalf of all of the citizens of New Hampshire. See Mot. for Class Action Status (doc. no. 3). As a pro se plaintiff, however, Lee cannot represent a class of plaintiffs. See 28 U.S.C. § 1654; LR 83.2(d). Accordingly, Lee's motion (doc. no. 3) should be denied.

II.  Preliminary Review

   A.   Standard

   Pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1)(B), the magistrate judge conducts a preliminary review of pro se in forma pauperis complaints before defendants have an opportunity to respond to the claims.  The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if, among other things, the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(1)(B).

   In determining whether a pro se complaint states a claim, the court must construe the complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

B. <u>Discussion</u>

Generously construing the complaint and its attachments, the court infers that: (1) Lee was convicted of a class B misdemeanor in Circuit Court in Hillsborough County; and (2) the state court imposed a fine as a penalty for Lee's conviction. Lee does not state the amount he was fined, but does state that it was more than he can afford to pay.

Lee appears to be challenging the constitutionality of the New Hampshire statutory scheme that allows people to be convicted of Class B misdemeanors without a jury trial.  <u>See</u> N.H. Rev. Stat. Ann. ("RSA") §§ 592-A:2-b; 652:9, IV(b); 651:2, IV(a).  Lee's claim arises, if at all, under the Fourteenth Amendment, which guarantees to state criminal defendants the right to a jury trial where, under the Sixth Amendment, a federal criminal defendant would be entitled to a jury trial in a federal criminal prosecution.  <u>See</u> <u>Burch v. Louisiana</u>, 441 U.S. 130, 134 (1979).  "It is well established that the Sixth Amendment, like the common law, reserves this jury trial right for prosecutions of serious offenses, and that 'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'"  <u>Lewis v. United States</u>, 518 U.S. 322, 325 (1996) (quoting <u>Duncan v. Louisiana</u>, 391 U.S. 145, 159 (1988)).

"To determine whether an offense is petty, we consider the maximum penalty attached to the offense." Id. at 326.  When a charge carries a penalty of six months or less of incarceration, "[a] defendant is entitled to a jury trial . . . only if he can demonstrate that any additional statutory penalties, viewed in conjunction with the maximum authorized period of incarceration, are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." Blanton v. City of North Las Vegas, 489 U.S. 538, 543 (1989) (declining to find "that an offense carrying a maximum prison term of six months or less automatically qualifies as a petty offense").  The court does not look to the burden a penalty imposes on a particular defendant to determine the seriousness of the penalty, but instead looks to the maximum penalty as established by the legislature to determine whether the legislature intended to designate the offense as serious.  See Lewis, 518 U.S. at 325; see also State v. Bilc, 158 N.H. 651, 654, 972 A.2d 1029, 1032 (2009) ("the severity of the penalty authorized, not the one actually imposed, is the relevant measure" of whether a crime is serious enough to require a jury trial under the Sixth Amendment (citing Duncan v. Louisiana, 391 U.S. 145, 160 (1968))).

Under New Hampshire law, the maximum penalty for a Class B misdemeanor is a $1,200.00 fine, without the possibility of

4

probation or incarceration.  See RSA § 651:2, III & IV(a); see also RSA § 625:9, IV(b).  Aside from his own inability to pay his fine, Lee offers no basis for this court to find that he was subjected to a penalty crossing the threshold of a "serious" offense that would trigger Lee's federal constitutional right to a jury trial, or that the state statutory scheme is otherwise invalid.  Because Lee cannot state a plausible claim for relief for a violation of his Sixth and Fourteenth Amendment rights, his claims should be dismissed.

## Conclusion

For the foregoing reasons, the court recommends that the complaint (doc. no. 1) be dismissed in its entirety, see 28 U.S.C. § 1915(e)(2)(B)(ii), and that the "Motion for Class Action Status" (doc. no. 3) be denied.  Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by

district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

August 29, 2013

cc: Dennis Lee, pro se

LBM:jba